#44169

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS,
MUNICIPAL DEPARTMENT, SIXTH DIVISION

|  |  |  |
|---|---|---|
| MICHAEL COLEMAN, father, and as Next | ) | 2016L066001 |
| kin of Minor, Marcus Coleman | ) | CALENDAR/ROOM P |
| Plaintiff | ) | TIME 00:00 |
|  | ) | Tort - Intentional |
| vs. | ) | Jury Demand |
|  | ) |  |
| RICH TOWNSHIP DISTRICT 227, | ) |  |
| TODD WHITAKER, ANTOINE | ) |  |
| BASS, RONALD PATTON, RANDY | ) |  |
| ALEXANDER, BETTY J. OWENS, | ) |  |
| SHANNON SMITH-ROSS, QUINTELLA | ) |  |
| BOUNDS, and SHEFFEIA WRIGHT | ) |  |

## AMENDED COMPLAINT AT LAW

**NOW COMES** Plaintiff, MICHAEL COLEMAN, father, and as next of kin, on behalf of minor Marcus Coleman, by and through his attorney, Michael Jarard, of the Jarard Law Group LLC., complaining of Defendants, RICH TOWNSHIP DISTRICT 227, TODD WHITAKER, ANTOINE BASS, RONALD PATTON, RANDY ALEXANDER, BETTY J. OWENS, SHANNON SMITH-ROSS, QUINTELLA BOUNDS, and SHEFFEIA WRIGHT as follows:

### Introduction

1. Plaintiff, Michael Coleman (hereinafter referred to as "Plaintiff"), is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

2. This suit is being filed on behalf of Marcus Coleman (hereinafter referred to as "MC"), a minor by and through Michael Coleman, father, and as next of kin and at all times mentioned was, a resident of County of Cook, State of Illinois.

EXHIBIT A

3. Defendant, Todd Whitaker, being an employee/agent (Principal) of Rich Central High School, of Rich Township District 227, is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

4. Defendant, Randy Alexander, being an employee/agent of Rich Township District 227 (Board Member), is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

5. Defendant, Ronald Patton, being an employee/agent of Rich Township District 227 (Interim Superintendent), is, and at all times mentioned was, a resident of County of Will, State of Illinois.

6. Defendant, Antoine Bass, being an employee/agent, of Rich Township District 227 (President of Board), is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

7. Defendant, Betty J. Owens, being employee/agent of Rich Township District 227 (Board Member), is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

8. Defendant, Shannon Smith-Ross, being employee/agent of Rich Township District 227 (Board Member), is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

9. Defendant, Quintella Bonds is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

10. Defendant, Sheffeia Wright, being employee/agent of Rich Township District 227 (Hearing Officer and Climate Coordinator), is, and at all times mentioned was, a resident of County of Cook, State of Illinois.

11. Defendant, Rich Township District 227 (hereinafter referred to as "District"), is, and at all times mentioned was, a public school district of Illinois.

## General Allegations

12. Michael Coleman is father and legal guardian of minor, MC.

13. Cheryl Coleman is mother and legal guardian of MC, as well as, an elected Board Member of Rich Township District 227.

14. MC is a high school student attending Rich Central High School, located at 3600 West 203rd Street, Olympia Fields, Illinois, County of Cook.

15. Rich Central High School is a public school of Rich Township District 227.

16. On or about October 31, 2015, MC was on a band related field trip with other students.

17. While on the bus return back home, within the State of Illinois, it has been alleged that MC inappropriately touched another student (referred to herein as "CM").

18. On information and belief, no complaint of the incident was made to any person until about November 4, 2015.

19. On information and belief, CM's mother was on the bus at the time of the alleged incident.

20. On information and belief, CM's mother was not apprised of the incident by her daughter until six days later on November 6, 2015.

21. MC was suspended from school for 5 days: November 10, 2015 – November 18, 2015

22. MC's parents objected to said suspension.

23. MC was suspended prior to conducting any meeting with between MC, his parents and any administrator.

24. On information and belief, MC was suspended prior to being allowed any type of hearing, presentation of facts, evidence, or any other type of due process.

25. Todd Whitaker served MC's parents with the notice suspension prior to asking any questioning of MC or his parents.

26. On information and belief, MC was suspended prior to any Rich Central High School, or District agent receiving CM's written statement.

27. On information and belief, Rich Central's administration suspended MC on the word of CM's mother.

28. MC served his five day suspension.

29. On information and belief a different procedure was applied to MC's suspension because of MC's mother's position as a board member.

30. On information and belief, said procedure was never voted on by the board.

31. MC or his parents never received notice of said special procedures for children of board members.

32. The District has scheduled an expulsion hearing on January 11, 2016 to expel MC from Rich Central High School.

33. On information and belief, all individual defendants have disseminated false statements regarding MC's alleged conduct to the public, media, blogs,and other employees of Rich Central High School.

34. Since this incident, MC has been harassed, bullied, assaulted, singled out by faculty, called names by students, and embarrassed.

35. Since the suspension, fellow students and various members of the public have referred to MC as a rapist, criminal, pedophile, pervert, and deviant.

36. Since this suspension, MC has developed a speech impediment with requires special education.

37. Since this suspension, MC's reputation and character has been destroyed in the band, community, and the entire school system.

38. This incident and suspension has been place on MC's educational record.

39. On information and belief, Defendants' actions are politically motivated in that MC's parent is a member of the District school board.

40. On information and belief, no fact finding hearings or official criminal charges have been filed to date.

## COUNT I-DEFAMATION AGAINST TODD WHITAKER, INDIVIDUALLY

41. Plaintiff repeats and realleges herein by reference paragraphs 1 through 40 inclusive as though fully pled in this paragraph 41.

42. This count is pled as a defamation claim against Todd Whitaker in his individual capacity.

43. On information and belief, Defendant has made defamatory statements concerning MC outside of district meetings and outside of his official duties as Rich Central principal.

44. Specifically, Defendant has falsely accused MC of sexual assault and made false statements alleging that MC has admitted to certain alleged actions.

45. On information and belief, Defendant has made these false allegations to the public, District, media, and other Rich Central employees.

46. Defendant's publication of the false allegations set forth above was intentional and malicious.

47. MC's reputation has been injured as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Todd Whitaker has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT II-DEFAMATION AGAINST ANTOINE BASS, INDIVIDUALLY

48. Plaintiff repeats and realleges herein by reference Paragraphs 1 through 40 inclusive as though fully pled in this paragraph 48.

49. This count is pled as a defamation claim against Antoine Bass in his individual capacity.

50. On information and belief, Defendant has made defamatory statements concerning MC outside of district board meetings.

51. Specifically, Defendant has falsely accused MC of sexual assault and the touching of another student.

52. On information and belief, Defendant has made these false allegations to the public, media, and other Rich Central employees.

6

53. Defendant's publication of the false allegations set forth above was intentional and malicious.

54. MC's reputation and character has been damaged in the band, community, and the entire school system as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Antoine Bass has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT III-DEFAMATION AGAINST RONALD PATTON, INDIVIDUALLY

55. Plaintiff repeats and realleges herein by reference Paragraphs 1 through 40 inclusive as though fully pled in this paragraph 55.

56. This count is pled as a defamation claim against Ronald Patton in his individual capacity.

57. On information and belief, Defendant has made defamatory statements concerning MC outside of district board meetings.

58. Specifically, Defendant has falsely accused MC of sexual assault and the touching of another student.

59. On information and belief, Defendant has made these false allegations to the public, media, and other Rich Central employees.

60. Defendant's publication of the false allegations set forth above was intentional and malicious.

61. MC's reputation and character has been damaged in the band, community, and the entire school system as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Ronald Patton has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT IV-DEFAMATION AGAINST RANDY ALEXANDER, INDIVIDUALLY

62. Plaintiff repeats and realleges herein by reference Paragraphs 1 through 40 inclusive as though fully pled in this paragraph 62.

63. This count is pled as a defamation claim against Randy Alexander in his individual capacity.

64. On information and belief, Defendant has made defamatory statements concerning MC outside of district board meetings.

65. Specifically, Defendant has falsely accused MC of sexual assault and the touching of another student.

66. On information and belief, Defendant has made these false allegations to the public, media, and other Rich Central employees.

67. Defendant's publication of the false allegations set forth above was intentional and malicious.

68. MC's reputation and character has been damaged in the band, community, and the entire school system as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Randy Alexander has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

### COUNT V-DEFAMATION AGAINST BETTY J. OWENS, INDIVIDUALLY

69. Plaintiff repeats and realleges herein by reference Paragraphs 1 through40 inclusive as though fully pled in this paragraph 69.

70. This count is pled as a defamation claim against Betty J. Owens in her individual capacity.

71. On information and belief, Defendant has made defamatory statements concerning MC outside of district board meetings.

72. Specifically, Defendant has falsely accused MC of sexual assault and the touching of another student.

73. On information and belief, Defendant has made these false allegations to the public, media, and other Rich Central employees

74. Defendant's publication of the false allegations set forth above was intentional and malicious.

75. MC's reputation and character has been damaged in the band, community, and the entire school system as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Betty J. Owens has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT VI-DEFAMATION AGAINST SHANNON SMITH-ROSS, INDIVIDUALLY

76. Plaintiff repeats and realleges herein by reference Paragraphs 1 through 40 inclusive as though fully pled in this paragraph 76.

77. This count is pled as a defamation claim against Shannon Smith-Ross in his individual capacity.

78. On information and belief, Defendant has made defamatory statements concerning MC outside of district board meetings.

79. Specifically, Defendant has falsely accused MC of sexual assault and the touching of another student.

80. On information and belief, Defendant has made these false allegations to the public, media, and other Rich Central employees

81. Defendant's publication of the false allegations set forth above was intentional and malicious.

82. MC's reputation and character has been damaged in the band, community, and the entire school system as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Shannon Smith-Ross has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT VII-DEFAMATION AGAINST SHEFFEIA WRIGHT, INDIVIDUALLY

83. Plaintiff repeats and realleges herein by reference Paragraphs 1 through 40 inclusive as though fully pled in this paragraph 83.

84. This count is pled as a defamation claim against Sheffeia Wright in her individual capacity.

85. On information and belief, Defendant has made defamatory statements concerning MC outside of district board meetings.

86. Specifically, Defendant has falsely accused MC of sexual assault and the touching of another student.

87. On information and belief, Defendant has made these false allegations to the public, media, and other Rich Central employees.

88. Defendant's publication of the false allegations set forth above was intentional and malicious.

89. MC's reputation and character has been damaged in the band, community, and the entire school system as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Sheffeia Wright has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT VIII-DEFAMATION AGAINST QUINTELLA BOUNDS, INDIVIDUALLY

90. Plaintiff repeats and realleges herein by reference Paragraphs 1 through 40 inclusive as though fully pled in this paragraph 90.

91. This count is pled as a defamation claim against Quintella Bounds in her individual capacity.

92. On information and belief, Defendant has ran for elected positions in Rich Township 227 on several occasions.

93. On information and belief, Defendant is a political adversary of MC's mother, a board member.

94. On information and belief, Defendant has made defamatory statements concerning MC outside of district board meetings.

95. Specifically, Defendant has falsely accused MC of sexual assault, rape and the touching of another student.

96. On information and belief, Defendant has made these false allegations to the public, media, members of the community, and Rich Central employees.

97. Defendant's publication of the false allegations set forth above was intentional and malicious.

98. On information and belief, Defendant is making defamatory statements about MC as tool to gain political supporters and discredit MC's mother, a district board member.

99. MC's reputation and character has been damaged in the band, community, and the entire school system as a direct and proximate cause of Defendant's actions and dissemination of false allegations.

Wherefore, Plaintiff, Michael Coleman, prays that the Court find that Defendant, Quintella Bounds has defamed MC, determine damages for MC, and enter judgment for Michael Coleman in an amount in excess of $100,000.00 plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT IX – 42 U.S.C.A. § 1983 AGAINST TODD WHITAKER, INDIVIDUALLY

100. Plaintiff repeats and realleges paragraphs 1 through 40 in this count 100, inclusive as though fully pled in this paragraph.

101. This count is pled against Defendant, Todd Whitaker for deprivation of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

102. Plaintiff alleges that the suspension of MC was in violation of his right under the Fourteenth Amendment of the United States Constitution to due process of law within the meaning of 42 U.S.C.A. § 1983.

103. MC's suspension was made under the direction of Defendant, Todd Whitaker in his official capacity as Principal of Rich Central High School.

104. Defendant's actions were under the authority given and color of state law.

105. MC's suspension was a deprivation of MC's property rights.

106. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant, Todd Whitaker, MC sustained severe damages, including but not limited to, a deprivation of a property interest, emotional distress, defamation of his character, MC has been harassed, bullied, assaulted, singled out by faculty, called names by students, embarrassed, and developed a speak impediment requiring special education.

Wherefore, Plaintiff, Michael Coleman, prays that the Court enter judgment for Michael Coleman against Todd Whitaker in an amount in excess of $100,000.00, plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT X - 42 U.S.C.A. § 1983 AGAINST DISTRICT

107. Plaintiff repeats and realleges Paragraphs 1 through 40, inclusive as though fully pled in this paragraph 107.

108. This Cause of Action is brought by plaintiff against defendant, Rich Township District 227, for deprivation by its agents, servants, or employees, defendants, Todd Whitaker, Ronald Patton, Randy Alexander, Antoine Bass, Betty J. Owens, Shannon Smith-Ross, and Sheffeia Wright, of constitutional rights within the meaning of 42 U.S.C.A. § 1983.

109. The above-described actions of Individual Defendants listed above in paragraph 108, while agents, servants, or employees of defendant, District, subjected MC to a deprivation of rights and privileges in violation of his

14

right under the Fourteenth Amendment of the United States Constitution to due process of law within the meaning of 42 U.S.C.A. § 1983.

110.   MC's arrest was made under color of the authority of Defendant, Todd Whitaker, as principal of Rich Central, member of District.

111.   Defendant, District was placed on notice of MC's suspension in violation of Fourteenth Amendment of the United States Constitution to due process of law within the meaning of 42 U.S.C.A. § 1983.

112.   Not only has District failed to overturn said suspension but has ratified it and moved for expulsion on January 11, 2016.

113.   As a direct and proximate result of the above-mentioned unconstitutional acts of defendants, Todd Whitaker, Ronald Patton, Randy Alexander, Antoine Bass, Betty J. Owens, Shannon Smith-Ross, and Sheffeia Wright, MC sustained severe damages, including but not limited to, a deprivation of a property interest, emotional distress, defamation of his character MC has been harassed, bullied, assaulted, singled out by faculty, called names by students, embarrassed, and developed a speak impediment requiring special education.

Wherefore, Plaintiff, Michael Coleman, prays that the Court enter judgment for Michael Coleman against Rich Township District 227 in an amount in excess of $100,000.00, plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT XI – NEGLIGENCE AGAINST DISTRICT

114.    Plaintiff repeats and realleges Paragraphs 1 through 40, inclusive as though fully pled in this paragraph 114.

115.    This Cause of Action is brought by plaintiff against defendant, District for negligence.

116.    The above-described actions by Defendant, Todd Whitaker resulted from the carelessness and negligence of defendant District, its agents, servants, employees, or other representatives, in hiring and failing to properly train Defendant, Todd Whitaker.

117.    Defendant, District is directly negligent in its failure to prevent classified information from closed session board meetings to be disseminated to the public, media, blogs, parents, and Rich Central employees, specifically about MC's pending disciplinary file.

118.    On information and belief, Defendant, District has negligently allowed the following classified information to be disseminated to the public, media, blogs, parents, and Rich Central employees, including but not limited to: allegations against MC prior to hearings, discussions regarding MC in closed session, agendas for future meetings, evidence regarding MC's case, and the name of MC in pending disciplinary actions before the board.

119.    The above-described actions by the Defendant, board members resulted from the carelessness and negligence of defendant District, its agents, servants, employees, or other representatives, in hiring, censoring and failing to properly train its board members.

120.   As a direct and proximate result of the above-mentioned carelessness and negligence of defendant, District, MC sustained severe damages, including but not limited to, emotional distress, defamation of his character, MC has been harassed, bullied, assaulted, singled out by faculty, called names by students, embarrassed, developed a speech impediment requiring special education..

Wherefore, Plaintiff, Michael Coleman, prays that the Court enter judgment for Michael Coleman against Rich Township District 227 in an amount in excess of $100,000.00, plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT XII - RESPONDENT SUPERIOR

121.   Plaintiff repeats and realleges Paragraphs 1 through 40, inclusive as though fully pled in this paragraph 121.

122.   This Cause of Action is brought by plaintiff against defendant, Rich Township 227 for the willful, wanton and intentional conduct of its agents, servants, or employees, Defendants, Todd Whitaker, Ronald Patton, Randy Alexander, Antoine Bass, Betty J. Owens, Shannon Smith-Ross, and Sheffeia Wright.

123.   As a direct and proximate result of the willful and intentional acts of defendants, Todd Whitaker, Ronald Patton, Randy Alexander, Antoine Bass, Betty J. Owens, Shannon Smith-Ross, and Sheffeia Wright, MC sustained severe damages, including but not limited to, emotional distress, defamation of his character, MC has been harassed, bullied, assaulted, singled out by

faculty, called names by students, embarrassed, developed a speak impediment requiring special education.

Wherefore, Plaintiff, Michael Coleman, prays that the Court enter judgment for Michael Coleman against Rich Township District 227 in an amount in excess of $100,000.00, plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT XIII – VIOLATION OF ILLINOIS CONST., ART. I, § 2 AGAINST DISTRICT

124.   Plaintiff repeats and realleges Paragraphs 1 through 40, inclusive as though fully pled in this paragraph 124.

125.   This Cause of Action is brought by plaintiff against defendant, District, for the interference by its agents, servants, or employees, Defendants, Todd Whitaker, Ronald Patton, Randy Alexander, Antoine Bass, Betty J. Owens, Shannon Smith-Ross, and Sheffeia Wright of constitutional and statutory rights within the meaning of Illinois Const., Art. I, § 2.

126.   The above-described actions Defendants, Todd Whitaker, Ronald Patton, Randy Alexander, Antoine Bass, Betty J. Owens, Shannon Smith-Ross, and Sheffeia Wright, while agents, servants, or employees of defendant, District, interfered with plaintiff's exercise or enjoyment of rights secured by the Constitution and laws of Illinois and more particularly Illinois Const., Art. I, § 2,

127.   As a direct and proximate result of the above-mentioned unconstitutional and illegal acts of Defendants, Todd Whitaker, Ronald Patton, Randy

Alexander, Antoine Bass, Betty J. Owens, Shannon Smith-Ross, and Sheffeia Wright while agents, servants, or employees of defendant, District, MC sustained severe damages, including but not limited to, a deprivation of a property interest, emotional distress, defamation of his character, MC has been harassed, bullied, assaulted, singled out by faculty, called names by students, embarrassed, redeveloped a speak impediment.

Wherefore, Plaintiff, Michael Coleman, prays that the Court enter judgment for Michael Coleman against Rich Township District 227 in an amount in excess of $100,000.00, plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT XIII – VIOLATION OF ILLINOIS CONST., ART. I, § 2 AGAINST TODD WHITAKER

128.  Plaintiff repeats and realleges Paragraphs 1 through 40, inclusive as though fully pled in this paragraph 128.

129.  This Cause of Action is brought by plaintiff against defendant, Todd Whitaker, for his interference of constitutional and statutory rights within the meaning of Illinois Const., Art. I, § 2.

130.  MC's suspension was made under the direction of defendant, Todd Whitaker in his official capacity as Principal of Rich Central High School.

131.  Defendant's actions were under the authority given and color of state law.

132.  MC was not afforded due process prior to a 5 day school suspension.

133. The above-described actions defendant, Todd Whitaker, interfered with MC's exercise or enjoyment of rights secured by the Constitution and laws of Illinois and more particularly Illinois Const., Art. I, § 2.

134. As a direct and proximate result of the above-mentioned unconstitutional acts of Defendant, Todd Whitaker, MC sustained severe damages, including but not limited to, a deprivation of a property interest, emotional distress, defamation of his character MC has been harassed, bullied, assaulted, singled out by faculty, called names by students, embarrassed, developed a speak impediment requiring special education.

Wherefore, Plaintiff, Michael Coleman, prays that the Court enter judgment for Michael Coleman against Todd Whitaker in an amount in excess of $100,000.00, plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## COUNT XIV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

135. Plaintiff repeats and realleges Paragraphs 1 through 40, inclusive as though fully pled in this paragraph 135.

136. This Cause of Action is brought by plaintiff against all Defendants, for intentional infliction of emotional distress.

137. The previously alleged actions of falsely accusing MC of sexual assault and rape, implementing a 5 day suspension without due process, disseminating false allegations of sexual assault to the public, media, blogs, faculty, Rich Central students and employees, defaming MC's character,

revealing a minor's identity to the public (board members), were extreme and outrageous.

138. The previously alleged actions of the Defendants were intentional, politically motivated, willful, malicious, and wanton in that they knew that the above actions would cause damage to the minor, MC.

139. Defendants intended that their conduct should inflict severe emotional distress and further knew that this was a high probability that his conduct would cause severe emotional distress.

140. Defendants' conduct caused MC severe emotional distress.

Wherefore, Plaintiff, Michael Coleman, prays that the Court enter judgment for Michael Coleman against all Defendants in an amount in excess of $100,000.00, plus cost and attorney's fees and such other and further relief as the court deems just and proper.

## Certification

Under penalties as provided by law pursuant to §1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the above complaint are true and correct, except as to the matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

_____
Michael Coleman

Submitted By,

*Michael A. Jarard*
Michael A. Jarard, Attorney
for Plaintiff

Michael A. Jarard #44169
Jarard Law Group
150 North Michigan Ave Suite 2800
Chicago, Illinois 60601
312-216-5196

21